UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ATARAXIA, LLC dba MERCHANT PROCESSING PROS,<br><br>      Plaintiff,<br><br>v.<br><br>MR. JJ, LLC, a Delaware limited liability company; 2OG Holdings, LLC, a Florida limited liability company; RONALD PROCHAK, an individual; and JAMES LEFLER, an individual; and DOES 1-20, inclusive,<br><br>      Defendants. | Case No. 2:23-cv-00379-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Renewed Motion to Dismiss and for Summary Judgment (Dkt. 39) and Plaintiff's Renewed Motion to Defer or Deny Defendants' Renewed Motion to Dismiss and for Summary Judgment. (Dkt. 41). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court grants Defendants' motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure as it relates to personal jurisdiction over Defendant Ronald Prochak, denies Defendants' motion for summary judgment without prejudice, grants Plaintiff's Rule 56(d) motion, and orders Plaintiff to show cause why this case should not be dismissed for lack of diversity jurisdiction under Rule 12(b)(1).

**MEMORANDUM DECISION AND ORDER - 1**

## I. BACKGROUND

This lawsuit concerns a contract dispute between entities involved in the electronic payment processing services industry. Plaintiff Ataraxia, LLC dba Merchant Processing Pros ("MPP") alleges it purchased certain rights to future compensation (described in the complaint as "Residuals") under three asset purchase agreements. One agreement is with Defendant Mr. JJ, LLC ("Mr. JJ"), and the other two agreements are with Defendant 2OG Holdings, LLC ("2OG").

After MPP filed its complaint, Defendants also moved to dismiss the complaint, or alternatively, for summary judgment. (Dkt. 23). In response, MPP moved the Court to deny Defendants' summary judgment motion or to defer considering it under Rule 56(d). (Dkt. 25). Thereafter, the parties agreed MPP would file an amended complaint to resolve the pending motions. (Dkts. 30, 31).

In its amended complaint, MPP asserts claims against Defendants, including Defendants Ronald Prochak and James Lefler, whom MPP alleges are the two sole members of both Defendants Mr. JJ and 2OG. MPP's claims include claims for breach of contract, intentional interference with contract, violation of the Idaho Consumer Protection Act, and fraud. After MPP amended its complaint, Defendants renewed their motion to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim, or alternatively, under Rule 56 for summary judgment. (Dkts. 32, 39). In support, Defendants submit the declarations of Prochak and Lefler and a redacted email chain, among other submissions. (Dkts. 39-2, 39-3).

In addition to seeking dismissal of MPP's claims—under either Rule 12(b)(6) or Rule 56(a)—Defendants also raise two jurisdictional arguments. (Dkt. 39-1). Under Rule 12(b)(1), Defendants argue MPP's allegations fail to establish diversity jurisdiction. (Dkt. 39-1 at pp. 20-21). Defendant Prochak also argues under Rule 12(b)(2) that this Court lacks personal jurisdiction

**MEMORANDUM DECISION AND ORDER - 2**

over him under both the Idaho long-arm statute, Idaho Code § 5-514(b), and the Due Process Clause. (Dkt. 39-1 at pp. 18-20).

In response to Defendants' renewed motion, MPP likewise renews its motion to deny or defer summary judgment under Rule 56(d). (Dkt. 41). MPP's opposition, however, ignores Defendants' jurisdictional challenges. (*Id.*). To date, apparently no discovery has occurred other than initial disclosures, and the parties have agreed to stay discovery pending the resolution of MPP's Rule 56(d) motion. (Dkt. 44, 45).

## II.  LEGAL STANDARDS

### 1.  Rule 12(b)(1) - Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion can present either a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

### 2. Rule 12(b)(2) - Personal Jurisdiction

Under Rule 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, a court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).

Although the plaintiff cannot "simply rest on the bare allegation of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). A federal district court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)). A district court may exercise either general or specific personal jurisdiction over nonresident defendants. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

### 3. Rule 56(d) - Summary Judgment Deferral

Generally, a court only considers the complaint's well-pled allegations when resolving a Rule 12(b)(6) motion. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). When a party presents matters outside the pleadings and the court does not exclude them, the court converts

a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56(a). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Under Rule 56(d), if a nonmoving party shows by affidavit it cannot present facts essential to justify denying summary judgment, the court may defer considering or deny the motion for summary judgment to allow the nonmoving party time to obtain additional discovery.

To prevail on a Rule 56(d) motion, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827-28 (9th Cir. 2008) (citation omitted). "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely." *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)).

### III.  ANALYSIS

1. **Diversity Jurisdiction**

Defendants assert MPP fails to allege diversity jurisdiction. Diversity jurisdiction extends to all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. For example, an unincorporated association, such as a partnership, has the citizenship of each of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). By contrast, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. 28

U.S.C. § 1332(c)(1). Limited liability companies (LLCs) resemble both partnerships and corporations. Despite LLCs' corporate traits, however, the Ninth Circuit treats LLCs as partnerships for the purposes of diversity jurisdiction, and "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In MPP's amended complaint, MPP alleges it is an LLC which has two members, one of whom resides in Idaho and one of whom resides in Nebraska. (Dkt 32 at ¶ 2). Defendants assert that this allegation is insufficient to allege diversity jurisdiction because MPP "has failed to identify whether [its] members are individuals or LLCs" and that if a member of MPP is an LLC, then that LLC's members must be identified to establish complete diversity. (Dkt. 39-1 at p. 21).

Defendants are correct that if a member of MPP is an LLC or an unincorporated association, MPP must identify the members of that entity and their citizenship to establish diversity jurisdiction. As alleged, the Court is unable to ascertain whether diversity jurisdiction exists. Accordingly, MPP must show cause, within fourteen (14) days of the issuance of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

2. **Personal Jurisdiction**

MPP alleges Prochak committed fraud against it by intentionally withholding certain information to induce it to enter into agreements with Mr. JJ and 2OG. (Dkt. 32 at p. 16). Prochak moves to dismiss the complaint against him under both the Idaho long-arm statute, Idaho Code § 5-514, and the Due Process Clause. For personal jurisdiction to exist, a statute must give the court authority to exercise jurisdiction, and that exercise of jurisdiction must meet constitutional standards. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F. Supp. 2d 1096, 1101 (D. Idaho 2003).

> Idaho's long-arm statute provides, in relevant part:
>
> Any person, firm, company, association or corporation, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, firm, company, association or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
> . . . .
> (b) The commission of a tortious act within this state . . . .

I.C. § 5-514(b). The Idaho Supreme Court has held that § 5-514 should be liberally construed and that an allegation that an injury has occurred in Idaho in a tortious manner is sufficient to invoke the tortious act provision of § 5-514(b). *St. Alphonsus Reg'l Med. Ctr. v. Washington*, 852 P.2d 491, 495 (Idaho 1993). The tortious act need not take place in Idaho, however. *Doggett v. Elects. Corp. of Am.*, 454 P.2d 63, 69 (Idaho 1969). Rather, that an injury is alleged to have occurred in Idaho is enough. *Id.*

For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Pebble Beach*, 453 F.3d at 1155 (quotation marks omitted). There are two types of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction may be established if the defendant has minimum contacts within the state such that he can reasonably anticipate being haled into court there. *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977).

For a court to exercise specific jurisdiction over a non-resident defendant, the Ninth Circuit requires that: (1) the non-resident defendant must purposefully avail itself to the forum; (2) the

**MEMORANDUM DECISION AND ORDER - 7**

claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Mavrix Photo, Inc. v. Brand Techs*, 647 F.3d 1218, 1227-28 (9th Cir. 2011). The plaintiff bears the burden of proving the first two prongs and, if successful, the burden shifts to the defendant on the third prong to prove that jurisdiction is unreasonable. *Id.*

Here, Prochak argues that, for purposes of Idaho's long-arm statute, MPP "failed to allege any injury took place in Idaho" and that he "*personally* had no contact in Idaho nor [did he] transact business in Idaho." (Dkt. 39-1 at p. 19). Further, Prochak argues MPP failed to establish specific jurisdiction because he "never directed any activity towards Idaho"; any alleged misrepresentations by him did not occur in Idaho; and it would be "unfair and unreasonable" to exercise jurisdiction over him in Idaho because it would be "burdensome" for him to litigate in Idaho. (*Id.* at p. 20). MPP, however, fails to address these arguments. The Court construes MPP's failure to respond to Prochak's personal jurisdiction challenge as consent to granting Prochak's requested relief, and the Court dismisses him, without prejudice, for lack of personal jurisdiction.

### 3. Summary Judgment

In support of its challenges to MPP's claims for relief, Defendants generally cite to both Rule 12(b)(6) and Rule 56. (*See generally* Dkt. 39-1). In challenging each specific claim for relief, however, Defendants generally do not cite to either rule. (*Id.*) Rather, they make various factual arguments including, for example, that they did not breach the agreements at issue and, regardless, MPP "fails to establish that it suffered any damages" (*id.* at p. 6); they met their "benchmark" amounts under the agreements (*id.* at pp. 7-8); they did not breach a contractual provision to disclose certain litigation because the "Clearent Action" and the "FSB Action" are completely unrelated to the agreements (*id.* at pp. 9-10); certain merchants did not leave the portfolios because they were improperly solicited but rather because TSYS increased its rates for processing services

or car dealership merchants were sold (*id.* at pp. 13-14); "there is no legitimate dispute that Mr. JJ and 2OG had marketable title to all the assets sold to [MPP]" (*id.* at p. 14); TSYS has acknowledged it will continue to pay MPP residuals (*id.* at p. 15); MPP's "conduct constitutes a waiver" (*id.*); and MPP's violations of the Idaho Consumer Protection Act are "untrue" (*id.* at p. 16). In support of these arguments, Defendants rely on matters outside the record (including, for example, Prochak's and Lefler's declarations), or they do not cite to any supporting materials.

MPP's counsel attests in an affidavit that MPP has not had an opportunity to conduct any discovery yet because Defendants moved for summary judgment before discovery began. Consequently, MPP contends that it lacks facts essential to oppose summary judgment and that it needs time to discover information relevant to facts Defendants rely on in their summary judgment motion. Specifically, MPP's counsel identifies the following information as essential to opposing summary judgment: (1) 2OG's organizational documents and purported asset purchase agreement with MR. JJ; (2) Prochak's and Lefler's deposition testimony; (3) documents relating to Defendants' computation of residuals; (4) documents and deposition testimony regarding whether Mr. JJ and 2OG had title of the residuals sold to MPP; and (5) documents concerning Defendants' efforts to maintain the accounts underlying MPP's purchased residuals. (Dkt. 41-2, ¶ 6(a)-(e)). In response, Defendants argue the Court should deny the Rule 56(d) motion because no additional discovery is necessary for MPP to oppose summary judgment. According to Defendants, the information MPP seeks to discover is not essential because it is either irrelevant, publicly available, or already in MPP's possession.

Based on the present record, the information MPP seeks to discover appears to be essential to opposing summary judgment. For example, deposing Prochak and Lefler is essential because Defendants rely heavily on Prochak's and Lefler's declarations to support their factual assertions,

**MEMORANDUM DECISION AND ORDER - 9**

and MPP is entitled to test the declarants' veracity and to explore related information in deposition. Additionally, the documents MPP seeks to discover also appear to be essential for opposing summary judgment. Defendants submit emails from a third party to prove they had title to the residuals they sold to MPP. (Dkt. 39-4). Defendants also submit 2OG's articles of organization are essential to prove Lefler was not a member. While the Court has no reason to doubt the authenticity of the documents Defendants have submitted, there is no way of knowing they are the *only* documents relevant to prove 2OG's ownership or whether Defendants had title to the residuals at the time of sale. Indeed, other documents may exist that contradict Defendants' arguments, and MPP has not had an opportunity to discover if such documents exist. Accordingly, the Court finds MPP has carried its burden of identifying information it seeks to discover and is essential to opposing summary judgment, grants MPP's Rule 56(d) motion, and denies without prejudice Defendants' motion to dismiss, or alternatively, for summary judgment.

## IV.  ORDER

**IT IS ORDERED that:**

1. Defendants' Renewed Motion to Dismiss and for Summary Judgment (Dkt. 39) is **GRANTED in part** and **DENIED in part**: Plaintiff is **ORDERED TO SHOW CAUSE** within **fourteen (14) days** of this order's entry why this case should not be dismissed for lack of diversity jurisdiction; Defendant Ronald Prochak is dismissed without prejudice for lack of personal jurisdiction; and Defendants' summary judgment motion as to Plaintiff's claims for relief is denied without prejudice.

2. Plaintiff's Renewed Motion to Defer or Deny Defendants' Renewed Motion to Dismiss and for Summary Judgment (Dkt. 41) is **GRANTED**.

DATED: August 06, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge